**WESTERLY ELECTRONICS CORPORA-TION, Plaintiff-Appellant,**

v.

**WALTER KIDDE & COMPANY, Inc., Defendant-Appellee.**

**No. 45, Docket 30513.**

United States Court of·Appeals Second Circuit.

Argued Oct. 5, 1966.

Decided Oct. 18, 1966.

Frank S. Meadow, New Haven, Conn., for plaintiff-appellant.

Frederick L. Comley of Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for defendant-appellee.

Before SMITH, HAYS and FEINBERG, Circuit Judges.

PER CURIAM.

Westerly Electronics Corporation appeals from a January 25, 1966 order of the United States District Court for the District of Connecticut, Robert C. Zampano, Judge, which denied its motion to amend and modify an order entered on stipulated settlement of a civil action on trial. Such a denial is appealable as a final order. Greenspahn v. Joseph E. Seagram & Sons, 186 F.2d 616 (2d Cir. 1951).

On July 3, 1962 appellant Westerly Electronics Corporation, incorporated in Delaware, and appellee Walter Kidde & Company, incorporated in New York and authorized to do business in Connecticut, entered into an agreement whereby, for $120,000, Westerly would sell and Walter

Kidde would buy all the shares of Douglas Randall, Inc., a Rhode Island Corporation. Subsequently, the agreement was amended and, as partial consideration for the sale of the stock, appellee caused Douglas Randall, Inc. to execute a promissory note dated July 16, 1962 for $35,-000. This note was not discharged and on April 17, 1963 appellant brought suit. On March 18, 1965, during trial, Judge Zampano on stipulation of the parties in open court, entered an order by which appellant and Mario and Ann Cacchione were to execute a general release of all claims against appellee and other parties not named in the action. In January 1966 appellant moved under Fed.R.Civ. P. 60(b) to amend and modify the order. In pertinent part, the Rule provides that, "[T]he court may relieve a party * * from a[n] * * * order * * * for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party * * * " Apparently, appellant's argument is based on (1), (2) and (3) and is that, after the date of the settlement, appellant discovered evidence which showed that the July 16, 1962 modification was induced by fraud. The evidence to this effect appears to be a sheet of scratch paper containing allegedly false statements about payroll figures which supposedly affected the sale price of the stock.

■ Clearly, appellant has not demonstrated the abuse of discretion required to reverse the trial judge's decision on a Rule 60(b) motion. Nederlandsche Handel-Maatschappij, N. V. v. Jay Emm, Inc., 301 F.2d 114 (2d Cir. 1962). No showing has been attempted under Rule 60(b) (1). Regardless of the question of whether Rule 60(b) (2) applies to a settlement order,[1] appellant has not demonstrated that the scrap paper was truly newly discovered or that it could not have been found by due diligence. Also, the evidence would have been at best cumulative, Kolan v. Csengeri, 268 F.2d 239 (2d Cir. 1959), and appellant waited ten months after the "discovery" before moving to amend and modify. Compare Stafford v. Russell, 220 F.2d 853 (9th Cir. 1955). Finally, appellant has proffered no clear and convincing proof of fraud in the settlement as required in a Rule 60 (b) (3) motion. Assmann v. Fleming, 159 F.2d 332 (8th Cir. 1947).

The order of the district court is affirmed.

1. The language "could not have been discovered in time to move for a new trial" has made some courts question the application of Rule 60(b) (2) to a settlement order where there has been no evidence admitted in a trial. See Flett v. W. A. Alexander & Co., 302 F.2d 321, 324 (7th Cir.), cert. denied 371 U.S. 841, 83 S.Ct. 71, 9 L.Ed.2d 77 (1962); Walker v. Bank of America Nat'l Trust & Sav. Ass'n, 268 F.2d 16, 26 (9th Cir.), cert. denied 361 U.S. 903, 80 S.Ct. 211, 4 L. Ed.2d 158 (1959). Here there was evidence introduced prior to the settlement agreement and the order thereon, although the issues were never determined by the jury.