**E.J. NOVAK and Debra Studer, Plaintiffs,**

v.

**NATIONAL BROADCASTING COMPANY, INC., NBC Productions, Inc., Brandon Tartikoff, Broadway Video, Inc., Lorne Michaels, and Dinah Minot, Defendants.**

No. 88 Civ. 5380 (RWS).

United States District Court,
S.D. New York.

March 7, 1991.

E.J. Novak and Debra Studer, pro se.

Cahill Gordon & Reindel by Thomas R. Jones, James Sandnes, Judith A. Archer, for defendants; and Sandra A. Baron, Gayle Chatilo Sproul, Nat. Broadcasting Co., Inc., New York City, of counsel.

OPINION

SWEET, District Judge.

Plaintiffs *pro se* E.J. Novak ("Novak") and Debra Studer ("Studer") have moved pursuant to Rule 60(b)(2), Fed.R.Civ.P. and Rule 3(j) of the Civil Rules of the Southern District for reargument of the court's opinion of December 5, 1990 granting summary judgment of the outstanding copyright infringement claims to defendants National Broadcasting Company, Inc., Brandon Tartikoff, Broadway Video, Inc., Lorne Michaels, and Dinah Minot (collectively, the "NBC Defendants"). 752 F.Supp. 164. For the reasons set forth below, the motion to reargue is denied.

*The Parties*

Novak is a writer, producer, performer, show business historian and lecturer, and

former national magazine editor. Studer is Novak's professional show business partner. Together they created, wrote, produced and starred in a series of fifteen comedy segments called "The Video Vault" on New York's WOR–TV, a national satellite superstation. Both are New York residents.

Defendant National Broadcasting Company, Inc. ("NBC"), a Delaware Corporation with offices in New York, has for many years broadcast Saturday Night Live ("SNL"), an acclaimed late-night comedy show. Defendant NBC Productions, a subsidiary of NBC, also has offices in New York. Defendant Brandon Tartikoff ("Tartikoff"), during the time of the events giving rise to this dispute, was president of NBC Entertainment, a division of NBC with offices in New York.

Defendant Broadway Video, Inc. ("Broadway Video"), a production company that produces SNL jointly with NBC productions, is a New York corporation with its principal place of business in New York. Defendant Lorne Michaels ("Michaels") is president of Broadway Video and the Executive producer of SNL. Defendant Dinah Minot ("Minot") is an independent contractor who has been involved in SNL's production.

### Prior Proceedings and Facts

The proceedings prior to the motion to reargue as well as the relevant facts are set forth in the Court's opinion of December 5, 1990 granting summary judgment (the "Opinion") and need not be restated here.

On December 20, 1990, Novak and Studer filed this motion to reargue. Pursuant to Rule 3(j), the court did not hear oral argument on this motion. The motion was considered submitted as of January 4, 1991.

### Discussion

Novak and Studer base their motion on existing facts which they claim the court overlooked, on case law which they claim the court misinterpreted, and on new evidence which they claim to have discovered since the issue of the Opinion.

■ To be entitled to reargument under Rule 3(j), Novak and Studer must demonstrate that the court overlooked controlling decisions or factual matters that were put before the court on the underlying motion. *Ashley Meadows Farm v. Am. Horse Shows Ass'n*, 624 F.Supp. 856, 857 (S.D.N.Y.1985).

Rule 60(b)(2) provides that a party may make a motion for a court to relieve it from a final judgment or order on the basis of "newly discovered evidence which by due diligence could not have been discovered in time. . . ." In order to succeed on such a motion, the movant must present evidence that is "truly newly discovered or could not have been found by due diligence." *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.), *cert. denied*, 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983), (citing *Westerly Electronics Corp. v. Walter Kidde & Co.*, 367 F.2d 269, 270 (2d Cir.1966)).

■ Moreover, in deciding a Rule 60(b) motion, a court must balance the policy of hearing a litigant's claims on the merits against the policy in favor of finality. *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987), citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2857 (1973). The new evidence brought to the attention of the court must therefore be "highly convincing." *Kotlicky*, at 9.

### 1. The Gangster Skit Claim
#### A. *Independent Creation*

Novak and Studer challenge the court's holding in the Opinion that the Gangster Skit was independently created, and that therefore the NBC defendants successfully rebutted the prima facie case of copying.

As support for their argument they submit that Don Novello ("Novello"), an independent contractor who had been involved in SNL's production and a defendant in the original action, was not a defendant in the case at the time of the summary judgment motion decided in the opinion, and therefore that the case of *Gund, Inc. v. Russ Berrie & Co.*, 701 F.Supp. 1013 (S.D.N.Y. 1988), relied on by the court in the Opinion, does not apply to the changed facts.

*Gund* held that evidence submitted by a defendant in a copyright infringement action showing that defendant asked a third party to develop the allegedly infringing product did not constitute evidence of independent creation where none of the defendants was involved in the creation of the product which is claimed to be the inspiration for the allegedly infringing product, and therefore a basis for its independent creation. In short, *Gund* stands for the proposition that a defendant in a copyright infringement action cannot successfully assert a defense of independent creation where there is little or no connection between those who created the allegedly infringing product and those who developed its purported source.

■ In the instant case, the court dismissed the action with respect to Novello on May 25, 1990 for lack of personal jurisdiction based on Novak and Studer's failure to serve Novello. Whether Novello was a defendant in the case at the time of the motion decided in the Opinion, however, has no effect on the application of *Gund* to the facts. The *Gund* court held that the defense of independent creation was not available to the defendant toy manufacturer where he claimed that he had contracted with a manufacturer in Hong Kong to design and produce the allegedly infringing item. Underpinning the decision was the fact that the defendant had no contact with the Hong Kong manufacturer from the time of the initial agreement until the delivery of the allegedly infringing items.

In the instant case, the NBC defendants make a similar claim: a third party, Novello, independently created the allegedly infringing elements of the gangster sketch. However, Novello's involvement with the NBC defendants is far more substantial than defendant's involvement with the toy manufacturer from Hong Kong in *Gund.* As an independent contractor who had been involved with several of the NBC defendants in the production of SNL, Novello provides the crucial link between the NBC defendants and the source from which the SNL Gangster Skit was created.

Novak and Studer have not alleged any new facts which tend to cast doubt on Novello's involvement with the NBC defendants in the creation of the gangster sketch. Nor have Novak and Studer pointed out any case law which the court may have overlooked. Therefore, Novak and Studer's motion to reargue the court's findings on the claim of independent creation do not meet the standards of Rule 3(j) and must be denied.

### B. *Access*

Novak and Studer also challenge the court's findings with respect to the NBC defendant's access to the Gangster Skit, bringing to the court's attention several existing facts as well as some "newly discovered evidence." [1]

■ As the court noted in its Opinion, even were it to find that the NBC defendants indeed had access to Novak and Studer's Gangster Skit during the creation of the allegedly infringing SNL Gangster Skit, such finding would not affect the court's finding with respect to the NBC defendant's claim of independent creation, as such a finding rebuts a prima facie case of copying based on access and substantial similarity. Opinion at 12, n. 1, 15–18. Therefore, the court need not consider further Novak and Studer's claims with respect to access.

---

1. The newly discovered evidence consists of an affidavit sworn by Studer stating that after the court's Opinion, she staged an unsolicited submission to Tartikoff's office in which an agent sent a cover letter and tape displaying the talents of a purported star. Some two weeks later the agent received the tape back from NBC as well as a rejection letter from Jeff Meshel, manager of casting at NBC.

Given its findings that the SNL Gangster Skit was independently created, the court need not consider any new facts adduced relating to the question of access. Therefore, the threshold questions presented by the affidavit—whether the contents of the affidavit constitute "newly discovered" evidence pursuant to Rule 60(b)(2) and the standards set forth in *Potamkin Cadillac,* 697 F.2d at 493, of "evidence that is truly newly discovered or could not have been found by due diligence"—are not properly in front of the court.

### C. *Substantial Similarity*

Novak and Studer also challenge the Opinion's implicit findings with respect to whether the allegedly infringing SNL Gangster Skit was substantially similar to Novak and Studer's Gangster skit. As a controlling decision that they believe the court has overlooked, they point to the court's opinion of June 23, 1989, which states that "a question of fact remains as to whether the use of the black box by the NBC defendants is substantially similar to the use described in the Novak and Studer scripts." *Novak v. National Broadcasting Corporation*, 716 F.Supp. 745, 753 (S.D.N.Y.1989).

■ The court in its Opinion does not make any finding of fact on the question of substantial similarity of the two Gangster Skits, relying instead on its finding of independent creation as grounds for the granting of summary judgement. Notwithstanding the fact that the court's ruling on the question of independent creation renders any alleged factual dispute as to the substantial similarity of the two gangster skits unable to affect the decision set forth in the Opinion, the June 23, 1989 opinion is not controlling precedent. Since the June 23, 1989 opinion—over a year before the issue of the Opinion—both parties have taken additional discovery. The court is not bound by its earlier decision if there has been refinement of the facts. The motion to reargue the substantial similarity issue is therefore denied where Novak and Studer have failed to meet the requirements of Rule 3(j).

### 2. The Fifth Beatle Skit Claim

Novak and Studer seek reargument on the court's finding that SNL's Fifth Beatle skit does not infringe Novak and Studer's Fifth Beatle copyrighted script. As support for their argument, Novak and Studer bring to the court's attention a fact that was before the court at the time of the summary judgment motion, as well as their arguments on the issue of the substantial similarity of the two skits as set forth in their memorandum in opposition to the motion for summary judgment.

In the section of the Opinion addressing the Fifth Beatle claim, the court held that even if Novak and Studer presented a question of fact with regard to the NBC defendants' access to the copyrighted scripts, the application of the Second Circuit's *scenes a faire* doctrine to the acts of the case precluded finding a question of fact as to the skits' substantial similarity. Opinion at 18–19. Therefore, the facts existing at the time of the summary judgment motion relating to the issue of access that Novak and Studer seek to bring to the court's attention—*e.g.*, the fact that Novak and Studer submitted an early version of their Fifth Beatle Skit (a script not at issue in this action) from which the court could infer access—do not affect the Opinion's finding of lack of substantial similarity.

As grounds for their challenge of the court's finding of no substantial similarity with regard to the Fifth Beatle Skit, Novak and Studer resubmit their arguments as set forth in their memorandum in opposition to summary judgment. They point to no case law which the court may have overlooked, nor do they claim that the court has disregarded any of the existing facts relating to the issue of substantial similarity. Therefore, Novak and Studer's motion to reargue the court's finding with respect to the Fifth Beatle Skit does not meet the requirements of Rule 3(j) and for this reason is denied.

### 3. Outstanding Discovery

■ As a final grounds for their motion to reargue, Novak and Studer point out that several of their discovery requests remain outstanding. Whatever impact the production of such requests would have had on the outcome of the second summary judgment motion, the existence of outstanding discovery is not grounds for reargument under Rules 3(j) or 60(b). Indeed, Rule 60(b) imposes a due diligence requirement that any new evidence asserted as a basis for a motion to reargue "could not have been discovered in time to move for a new trial under Rule 59(b)." Even if the contents of the discovery requests could be thought to contain new evidence, Novak

and Studer were aware of the existence of outstanding discovery at oral argument in the second motion for summary judgment and could have moved at that point to compel discovery. Therefore, the existence of outstanding discovery does not constitute "new evidence" for the purposes of a Rule 60(b)(2) motion and the motion to reargue based on such outstanding documents must be denied.

*Conclusion*

For the reasons set forth above, Novak and Studer's motion to reargue is denied.

It is so ordered.