**Homer Aki MATHIS on behalf of himself and on behalf of all others similarly situated, Plaintiff,**

v.

**Thomas J. BESS, as Supervising Court Stenographer, Criminal Court, New York City, Harold J. Reynolds, as Clerk of the Appellate Division of the First Judicial Department of New York; Phillip L. Weinstein, as Attorney-in-Charge, the Criminal Appeals Bureau of the Legal Aid Society of New York; Geoffrey Q. Ralls, as Administrator of**

---

the Assigned Counsel Plan; Thomas Coughlin, III as Commissioner of the New York State Department of Correctional Services; Albert M. Rosenblatt, as the Chief Administrative Judge of the State of New York; Donald Oshinsky; Linda Pazzani; Anna L. Bolgier; Joel Machlis; Rose Dunn; Anthony Moscato; Sanford Aranow; Michael Frankel; Peter F. Anderson; and Ruben S. Schofield, Defendants.

No. 85 Civ. 4426 (RPP).

United States District Court,
S.D. New York.

May 14, 1991.

Davis Polk & Wardwell, New York City (Charles E.F. Millard, Jr., Steven J. Pappas, Rita M. Constabile, Ogden N. Lewis, of counsel), for plaintiffs.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City by Harvey Golubock, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, JR., District Judge.

Defendants have moved pursuant to Rule 3(j) of the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York for reargument of the Court's Opinion and Order of March 28, 1991 on two grounds: (1) that the Court failed to address the qualified immunity defense of the individual stenographers and (2) that Shamel Atkins, joined as a plaintiff sua sponte by the Court, cannot assert claims for equitable relief because any such claims are now moot.

A motion for reargument should be directed to factual matters or legal authority which counsel believes was present during the motion but which the Court has overlooked. *See Ashley Meadows Farm, Inc. v. American Horse Shows Ass'n, Inc.,* 624 F.Supp. 856, 857 (S.D.N.Y.1985). The matters counsel believes were overlooked must be matters "which, had they been considered, might reasonably have altered the result reached by the court." *Adams v. United States,* 686 F.Supp. 417, 418 (S.D. N.Y.1988). For the reasons set forth below, defendants' motion for reargument is

denied and the Court's opinion of March 28, 1991, 761 F.Supp. 1023 is modified as indicated.

### 1. Qualified Immunity

■ In the amended complaint filed October 8, 1987 plaintiff claims the individual stenographers violated his rights to due process and equal protection (Count 6). In the proposed second amended complaint, a copy of which was appended to the affidavit of Charles Millard filed October 5, 1990, plaintiff also asserts claims against the stenographers alleging cruel and unusual punishment under the eighth amendment (Count 9).[1] The stenographers seek protection under the doctrine of qualified immunity. Because the issue was fully briefed by the parties and was addressed by counsel at oral argument, reargument is unnecessary for the Court to make a ruling.

The doctrine of qualified immunity protects government officials sued in their personal capacities from liability for discretionary acts provided their conduct did not violate any "clearly established" federal statutory or constitutional rights existing at the time. *See Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987); *Davis v. Scherer,* 468 U.S. 183, 190–91, 193–96, 104 S.Ct. 3012, 3017, 3018–20, 82 L.Ed.2d 139, *reh'g denied,* 468 U.S. 1226, 105 S.Ct. 26, 82 L.Ed.2d 919 (1984); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Whether a federal right was "clearly established" at the time of a challenged action is an issue of law for the Court, *see Yalkut v. Gemignani,* 873 F.2d 31, 35 (2d Cir.1989), and should be resolved at the earliest possible stage of the litigation. *See Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738. If the law was not "clearly established" at the time of the purported violation, summary judgment dismissing the claims against the official is appropriate. *See Walentas v. Lipper,* 862 F.2d 414, 422 (2d Cir.1988), *cert. denied,* 490 U.S. 1021, 109 S.Ct. 1747, 104 L.Ed.2d 183 (1989). It is thus necessary to examine whether any of the constitutional rights alleged to have been violated by the acts or omissions of the stenographers were "clearly established" in the period from October 1981, when Mathis filed his Notice of Appeal, to March 1983, when his trial transcript was filed.

Plaintiff argues that it was clearly established in 1981 that delay in the filing of appellate transcripts constituted a denial of due process. *See Ralls v. Manson,* 503 F.2d 491, 499 (2d Cir.1974) (Lumbard, J., concurring) ("At the least, due process would require the defendants who must endure [a delayed] appeal be admitted to bail, lest they end by serving all or most of their sentence before the propriety of the conviction has been determined."); *Isrile v. Benjamin,* No. 74 Civ. 4710 (S.D.N.Y. June 25, 1975) (refusing to dismiss § 1983 action because "an inordinate and inexcusable delay in the state appellate process may in and of itself amount to a denial of due process cognizable in federal court"). However, in 1981 there was also caselaw pointing in the opposite direction. *See Roberson v. Connecticut,* 501 F.2d 305, 310 (2d Cir.1974) (Mansfield, J., concurring and dissenting) ("denial of a speedy appeal may not amount to denial of due process"); *United States v. Farley,* 292 F.2d 789, 791 (2d Cir.1961), *cert. denied,* 369 U.S. 857, 82 S.Ct. 937, 8 L.Ed.2d 15 (1962) (delay in hearing appeal stemming from two-year lag in preparation of transcripts due to death of reporter not a denial of due process).

It would be unreasonable to conclude that *Isrile v. Benjamin,* a single unpublished decision of a lower court, "clearly established" the law of this circuit for purposes of qualified immunity. *See Hawkins v. Steingut,* 829 F.2d 317, 321 (2d Cir.1987). Moreover, the language cited from *Ralls v. Manson* does not bolster plaintiff's argument that the law was "clearly established" because the language is not that of the majority, which declined to reach the constitutional issues underlying plaintiff's habeas corpus petition. *See Ralls,* 503

---

**1.** In its opinion and order of March 28, 1991 the Court granted plaintiff leave to file a second amended complaint which conforms to that opinion.

F.2d at 493. Between 1981 and 1983 there simply did not exist an "unequivocal holding" or "definitive authority" of which reasonable stenographers should have been aware. *See Molinelli v. Tucker,* 901 F.2d 13, 16 (2d Cir.1990). Accordingly, the individual stenographers are entitled to qualified immunity on plaintiff's due process claims and those claims are dismissed. Plaintiffs' second amended complaint shall reflect the dismissal.

Defendants' briefs do not address the issue of qualified immunity as it pertains to plaintiff's equal protection or eighth amendment claims against the stenographers. The Court is not aware of any authority prior to 1983 of which the reporters should have been aware suggesting that delay in the preparation of transcripts amounts to denial of equal protection or violation of the eighth amendment. The absence of authority suggests that a finding of qualified immunity on these issues is warranted. Unless counsel for plaintiff identifies within 10 days from the date of entry of this opinion authority which "clearly establishes" that the challenged behavior amounted to an equal protection or eighth amendment violation prior to 1983, those claims against the individual stenographers will be dismissed sua sponte.

2. Atkins' Claims for Equitable Relief

 Defendants argue that Atkins' claim for equitable relief was rendered moot by the filing of an appellate brief on his behalf by appointed counsel on March 29, 1991 and because his appeal was argued on May 8, 1991. Finnegan Aff. ¶ 8. Defendants rely on Judge Goettel's prior ruling in this action, *Mathis v. Bess,* 692 F.Supp. 248 (S.D.N.Y.1988), that Mathis' own claims for equitable relief were moot. However, the basis for that ruling was that "[Mathis'] claims were rendered moot by the affirmance of his conviction." *Id.* at 258. The proposed second amended complaint, as well as the amended complaint filed October 8, 1987, defines the plaintiff class to include:

"all presently incarcerated indigent criminal appellants represented on appeal either by the Legal Aid Society of New York ("Legal Aid") or by an 18–B attorney in the Appellate Division of the First Judicial Department of New York and whose appeals have either not been perfected within one year of the filing of a notice of appeal *or not been decided within two years from such filing.*"

Proposed Second Amended Complaint ¶ 9 (emphasis added). Once the Appellate Division decided Mathis' appeal, he fit neither definition of the plaintiff class. In contrast, Atkins falls within the latter definition because no decision has been rendered on the merits of his appeal. Nearly four years have passed since Atkins filed his Notice of Appeal on July 17, 1987. Accordingly, Atkins' claims for equitable relief are not moot at this stage in the litigation and the facts cited by defendants on this motion would not have altered the Court's March 28, 1991 decision. Until his appeal is decided, Atkins faces a realistic threat of continuing appellate delay for which he may be entitled to relief in this action.

IT IS SO ORDERED.