**Homer Aki MATHIS on behalf of himself and on behalf of all others similarly situated, Plaintiffs,**

v.

**Thomas J. BESS, as Supervising Court Stenographer, Criminal Court, New York City, Harold J. Reynolds, as Clerk of the Appellate Division of the First Judicial Department of New York; Phillip L. Weinstein, as Attorney-in-Charge, the Criminal Appeals Bureau of the Legal Aid Society of New York; Geoffrey Q. Ralls, as Administrator of the Assigned Counsel Plan; Thomas Coughlin, III as Commissioner of the New York State Department of Correctional Services; Albert M. Rosenblatt, as the Chief Administrative Judge of the State of New York; Donald Oshinsky; Linda Pazzani; Anna L. Bolgier; Joel Machlis; Rose Dunn; Anthony Moscato; Sanford Aranow; Michael Frankel; Peter F. Anderson; and Ruben S. Schofield, Defendants.**

No. 85 Civ. 4426 (RPP).

United States District Court,
S.D. New York.

July 15, 1991.

---

Davis Polk & Wardwell by Ogden N. Lewis, Steven J. Pappas and Charles E.F. Millard, Jr., New York City, for plaintiffs.

Robert Abrams, Atty. Gen. of State of N.Y., Dept. of Law by Harvey Golubock, New York City, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

In an Opinion and Order dated May 14, 1991 the Court ruled that defendants Donald Oshinsky, Linda Pazzani, Anna L. Bolgier, Joel Machlis, Rose Dunn, Anthony Moscato, Sanford Aranow and Michael Frankel (collectively "the individual stenographers") were entitled to qualified immunity on plaintiffs' due process claim against them and dismissed that claim. *See Mathis v. Bess,* 763 F.Supp. 58 (S.D.N.Y.1991). The Court ordered additional briefing on the issue of whether the individual stenographers were similarly entitled to qualified immunity on plaintiffs' equal protection and eighth amendment claims.[1]

■ Plaintiffs first urge the Court to reconsider its May 14, 1991 ruling. A motion for reargument should be directed to factual matters or legal authority which counsel believes was present during the motion but which the Court has overlooked. Local Rule 3(j). *See E.J. Novak v. National Broadcasting Co.,* 760 F.Supp. 47, 48 (S.D.N.Y.1991) (citing *Ashley Meadows Farm, Inc. v. American Horse Shows Ass'n, Inc.,* 624 F.Supp. 856, 857 (S.D.N.Y. 1985)). Since plaintiffs have raised no new legal authority pertaining to the due process claim against the stenographers, plaintiffs' request for reconsideration is denied.

■ Plaintiffs concede the absence of authority showing why the individual stenographers are not entitled to qualified immunity on plaintiffs' eighth amendment claim. Plaintiffs' Second Memorandum of Law in Opposition to Motion for Reargument filed May 24, 1991 (hereinafter "Pl. Second Mem. in Opp.") at 2. In accordance with the Court's May 14, 1991 opinion,

---

1. The Court held:

Unless counsel for plaintiff identifies within 10 days from the date of entry of this opinion authority which "clearly establishes" that the challenged behavior amounted to an equal protection or eight amendment violation prior to 1983, those claims against the individual stenographers will be dismissed sua sponte. *Mathis v. Bess,* 763 F.Supp. 58, 61 (S.D.N.Y. 1991).

plaintiffs' eighth amendment claim against the individual stenographers is dismissed.

■ As for plaintiffs' equal protection claim against the individual stenographers, the doctrine of qualified immunity protects government officials sued in their personal capacities from liability for civil damages for discretionary acts provided the challenged conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *See also Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Davis v. Scherer*, 468 U.S. 183, 190–91, 193–96, 104 S.Ct. 3012, 3017, 3018–20, 82 L.Ed.2d 139 (1984), *reh'g denied*, 468 U.S. 1226, 105 S.Ct. 26, 82 L.Ed.2d 919 (1984). The question here is whether it was "clearly established" in the period from October 1981, when Mathis filed his Notice of Appeal, to March 1983, when his trial transcript was filed, that delay in the preparation of transcripts violated an indigent appellant's equal protection rights. If the law was not "clearly established" at that time, summary judgment dismissing the equal protection claim against the stenographers is appropriate. *See Walentas v. Lipper*, 862 F.2d 414, 422 (2d Cir.1988), *cert. denied*, 490 U.S. 1021, 109 S.Ct. 1747, 104 L.Ed.2d 183 (1989).

There is some disagreement in this circuit as to the quantum of judicial authority sufficient to support a finding that a federal right was "clearly established." *Compare Francis v. Coughlin*, 891 F.2d 43, 46 (2d Cir.1989) ("the court must determine whether the decisional law of the Supreme Court or the appropriate circuit court has clearly established the right in question") *with Weber v. Dell*, 804 F.2d 796, 803 (2d Cir.1986) (three decisions by other circuits plus supportive language in several Second Circuit decisions sufficient), *cert. denied*, 483 U.S. 1020, 107 S.Ct. 3263, 97 L.Ed.2d 762 (1987). In this action it makes no difference which test is applied since the result is the same under both.

Plaintiffs base their equal protection claim on the theory that the reimbursement system for court transcripts created incentives for stenographers to prepare transcripts for paying parties ahead of transcripts provided at no cost to indigent persons. Plaintiffs cite numerous cases standing for the proposition that once a state grants the right to an appeal, the equal protection clause forbids the state from discriminating against indigent persons in the process of that appeal. *See, e.g., Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1955). However, the most that these cases hold is that indigent appellants are constitutionally entitled to obtain free transcripts. They leave unanswered the question of whether, and more importantly, at what point delay in the preparation of transcripts for indigent appellants amounts to a "denial" of free transcripts. To defeat qualified immunity, the rights that plaintiffs assert were violated must have been clearly established in a "particularized sense." *P.C. v. McLaughlin*, 913 F.2d 1033, 1039 (2d Cir.1990). Plaintiff has not cited any legal authority of which the individual stenographers should reasonably have been aware clearly establishing in a particularized sense the point at which delay in providing transcripts becomes constitutionally impermissible. The stipulation entered in *Isrile v. Benjamin*, No. 74 Civ. 4710 (S.D.N.Y. June 14, 1979), the case relied upon by plaintiffs, did not prohibit delay in excess of six months but instead merely required an explanation for it. Pl. Second Mem. in Opp., Exh. A at 4. Absent a specific prohibition in the caselaw, an individual court stenographer could not reasonably have been expected to be aware in 1981–83 that a fifteen-month delay in the preparation of Mathis' transcript—as opposed to a ten-, twelve- or twenty-month delay—denied an indigent appellant like Mathis equal protection under the laws. Under these circumstances, the doctrine of qualified immunity protects the stenographers' discretion. Accordingly, plaintiffs' equal protection claim against the individu-

al stenographers is dismissed.[2]

IT IS SO ORDERED.

---

**2.** Plaintiffs' Second Amended Complaint, when filed, shall reflect the fact that no claims remain in this action against the individual stenographers.