### Carol DOMENECH, Plaintiff,

### v.

### The CITY OF NEW YORK; David N. Dinkins, Mayor of the City of New York, Raymond Kelly, Police Commissioner of the City of New York; Deputy Chief Inspector Paul Sanderson; Captain Albert Giamonte, Captain Thomas Cavanaugh; Lieutenant Carmine Moschella; Lieutenant James Peters; Sergeant Craig Schroeder, and Sergeant Michael Ryan, Defendants.

### No. 93 Civ. 4446 (RWS).

United States District Court,
S.D. New York.

May 15, 1996.

Sharon Cerelle Konits, Hauppauge, NY, for Plaintiff.

Paul A. Crotty, Corporation Counsel of the City of New York (Patricia Le Goff, Assistant Corporation Counsel, of counsel), New York City, for Defendants.

## OPINION

SWEET, District Judge.

Defendants Paul Sanderson, Captain Albert Giamonte, Captain Thomas Cavanaugh, Lieutenant Carmine Moschella, Lieutenant James Peters, Sergeant Craig Schroeder, and Sergeant Michael Ryan (the "Precinct Defendants") have moved to reargue the Court's opinion and order dated March 25, 1996, 919 F.Supp. 702 (the "Opinion"), on the ground that the Court overlooked the qualified immunity argument raised in their prior summary judgment motion. For the reasons set forth below, the motion to reargue will be granted and, on reargument, the motion for summary judgment will be denied.

### Background

The nature of the parties, prior proceedings, and facts underlying this action are set forth in the Opinion, familiarity with which is assumed. The Opinion, *inter alia*, denied the Precinct Defendants' motion for summary judgment dismissing the case as to them, on the grounds that they were immune from liability under the doctrine of qualified immunity. On April 4, 1996, Defendants moved to reargue, and the matter was deemed fully submitted on April 24, 1996.

### Discussion

■ Local Rule 3(j) provides in pertinent part, "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, to be entitled to reargument under Local Rule 3(j), a party must demonstrate that the Court overlooked controlling decisions or factual matters put before it on the underlying motion. *See Ameritrust Co. Nat'l Ass'n v. Dew*, 151 F.R.D. 237 (S.D.N.Y. 1993); *Fulani v. Brady*, 149 F.R.D. 501, 503 (S.D.N.Y.1993); *East Coast Novelty Co. v. City of New York*, 141 F.R.D. 245, 245 (S.D.N.Y.1992); *B.N.E. Swedbank, S.A. v. Banker*, 791 F.Supp. 1002, 1008 (S.D.N.Y. 1992); *Novak v. National Broadcasting Co.*, 760 F.Supp. 47, 48 (S.D.N.Y.1991); *Ashley Meadows Farm Inc. v. American Horse Shows Ass'n*, 624 F.Supp. 856, 857 (S.D.N.Y. 1985).

■ Local Rule 3(j) is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. *See Caleb & Co. v. E.I. Du Pont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985). In deciding a Local Rule 3(j) motion, the court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment. *See Morser*, 715 F.Supp. at 517; *Korwek v. Hunt*, 649 F.Supp. 1547, 1548 (S.D.N.Y.1986). Therefore, a party in its motion for reargument "may not advance new facts, issues or arguments not previously presented to the court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86 Civ. 6447, 1989 WL 162315, at *3 (S.D.N.Y. 1989).

■ Because the Opinion failed to deal specifically with Defendants' qualified immunity argument, the motion to reargue will be granted. However, findings underlying the qualified immunity argument were addressed in the Opinion, and compel the same denial of summary judgment.

■ Under the doctrine of qualified immunity, public officials are immune from liability for civil damages if they establish either that (1) their conduct did not violate clearly established rights of which a reasonable person would have known; or (2) that it was "objectively reasonable" to believe that their acts did not violate clearly established rights. *Anderson v. Creighton*, 483 U.S. 635, 637–41, 107 S.Ct. 3034, 3037–40, 97 L.Ed.2d 523 (1987); *Weg v. Macchiarola*, 995 F.2d 15, 18 (2d Cir.1993); *Mozzochi v. Borden*, 959 F.2d 1174, 1177 (2d Cir.1992). Where reasonably competent officials could disagree as to whether the conduct at issue would violate clearly established rights, the immunity defense is available. *Malley v. Briggs*, 475 U.S. 335, 343, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986); *Cartier v. Lussier*, 955 F.2d 841, 846 (2d Cir.1992). In arguing for summary judgment on the original motion, the Precinct Defendants argued that the Precinct Defendants are immune from liability because it would have been objectively reasonable for them to believe that by retaliating, they were not violating Domenech's civil rights. They based this argument on the premise that Domenech's complaint was not a matter of public concern. They noted that Domenech's complaints to the Equal Employment Office referred only to her failure to receive an emergency day off and to her receiving a Command Discipline after having failed to report to duty. Therefore, the Precinct Defendants alleged, they could have concluded that Domenech's complaints were not a "clear public concern," and it would have been reasonable for them to have concluded that retaliation against Domenech was lawful.

Although not addressed specifically with regard to the issue of qualified immunity, the Opinion found implicitly that genuine issues of material fact existed as to whether it was "objectively reasonable" for the Precinct De-

fendants to believe that their acts did not violate clearly established rights. The Opinion held:

> At the summary judgment stage, Domenech's complaints cannot be held to have been motivated solely by the conditions of her individual employment situation. In complaining about her treatment by fellow officers, Domenech explicitly claimed that she was discriminated against on the basis of her sex and informed the OEEO that three other women in her precinct had been similarly treated.

919 F.Supp. at 707. Therefore, the Opinion stated, Domenech's acts "implicated system-wide discrimination" and thus "unquestionably involved a matter of public concern". *Id.* at 706 citing *Saulpaugh v. Monroe Community Hosp.,* 4 F.3d 134, 143 (2d Cir.1993), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994) (internal quotation marks omitted).

As to the question of whether it was objectively reasonable for the Precinct Defendants to believe that their acts did not violate clearly established rights, the Opinion noted that:

> Domenech twice complained to the OEEO, and that body followed up her complaints by investigating within the Precinct. Construing the evidence in Domenech's favor, a genuine issue of material fact remains as to whether this investigation brought Domenech's complaints to defendants' attention.
>
> The Defendants' knowledge of Domenech's complaints is evidenced by Schroeder's comment to Sergeant Miranda that he should "watch" Domenech because she had made OEEO complaints. Sanderson's advice to Domenech that she should "take the sergeant's test" could also be construed as an adverse action against her. When she sought advice from Sanderson regarding her problems with the other defendants, instead of helping her to initiate further complaints, he merely advised her to avoid the problem. It is arguable that a trier of fact could find that this advice, given instead of support and instructions, was Sanderson's way of ignoring Domenech's complaints in light of her OEEO

action. Finally the filing of this lawsuit drew further attention to Domenech's complaints.

919 F.Supp. at 707–08.

The Opinion thus makes clear that a genuine issue of material fact exists as to whether the Precinct Defendants could reasonably have believed that their acts of retaliation did not violate clearly established rights. Especially given that the parties have submitted no affidavits as to their beliefs or actions, a reasonable finder of fact could, on the evidence presented, deem the Precinct Defendants to have been aware that they were violating Domenech's rights through their retaliatory acts. Summary judgment cannot, therefore, be granted.

### Conclusion

For the reasons stated above, the Precinct Defendants' motion for reargument will be granted, and, on reargument, the motion for summary judgment will be denied.

It is so ordered.