Lois L. HALL, Plaintiff,

v.

**DAKA INTERNATIONAL, INC., d/b/a Daka Restaurants, Ira Adler, and Steven Andersen, Defendants.**

No. 1–95–CV–1099.

United States District Court, N.D. New York.

April 18, 1997.

Harder Silber and Bergan, Albany (George W. Harder, of counsel), for Plaintiff.

Squadron, Ellenoff, Plesent & Sheinfeld, New York City (Dori A. Hanswirth, of counsel), for Defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

Presently before the Court is Plaintiff's motion, pursuant to Rules 60(b) and 59(e) of the Federal Rules of Civil Procedure, seeking reconsideration of this Court's prior Memorandum–Decision & Order granting Defendants' Motion for Summary Judgment.

Plaintiff Lois Hall alleges that she was discriminated against on the basis of her age, sex, and race by her former employer, defendant Daka International, and two of her former supervisors, Ira Adler and Steven Andersen. Plaintiff Hall's Complaint asserts claims for age discrimination, sex discrimination, and reverse race discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–2 *et seq.*, New York Human Rights Law, N.Y. Exec. L. § 290 *et seq.*, and New York Civil Rights Law, N.Y. Civ. Rts. L. § 40–c *et seq.* Plaintiff also claims a violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, for discrimination in connection with her eligibility for pension benefits.

On December 17, 1996, this Court granted Defendants' Motion for Summary Judgment, dismissing Plaintiff's Complaint in its entirety. *See Hall v. Daka Int'l, Inc.*, 949 F.Supp. 969 (N.D.N.Y.1996). In its December 17, 1996 decision, the Court found that no genuine issue of material fact exists as to whether Plaintiff can prove age discrimination, sex discrimination, and reverse race discrimination. In addition, the Court held that summary judgment is appropriate as to Plaintiff's claim that Daka violated the Employee Retirement Income Security Act. Accordingly, in the absence of a viable federal cause of action, the Court declined to exercise jurisdiction over Plaintiff's state law claims.

On January 3, 1997, Plaintiff filed the instant motion seeking an order, pursuant to

Rules 60(b) and 59(e), granting plaintiff relief from the December 17, 1996 judgment on the grounds that (a) Louis Sakell, a witness, provided an affidavit that clearly indicates Defendants terminated Plaintiff from her job because of her age and (b) it was not possible to submit such affidavit prior to November 26, 1996. In addition, Plaintiff seeks such other relief as this Court deems just and proper.

## II. DISCUSSION

■ A motion made pursuant to Rule 60 must adhere to strict standards because relief from judgment is limited to the six grounds specified in the rule:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other conduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ... or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987). *See also* 11 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 2857 (1995).

All Rule 60(b) motions must be made within a reasonable time. *See* Fed.R.Civ.P. 60(b). Moreover, courts typically require that the evidence in support of the motion for relief be "highly convincing," that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties. *See, e.g., United States v. Cirami*, 563 F.2d 26, 33 (2d Cir.1977). Finally, Rule 60 determinations are committed to the sound discretion of the district court and will not be overturned on appeal absent an abuse

of discretion. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978).

■ Although Plaintiff does not state the precise subpart of Rule 60(b) upon which she relies, Plaintiff appears to seek relief from judgment based on subparts (1), (2), and (6), which generally provide for relief because of "mistake," "newly discovered evidence," and any "other" justifiable reason, respectively. However, subpart (6) is properly invoked only "where there are extraordinary circumstances[,] where the judgment may work an extreme and undue hardship," *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir.1994), and where the asserted grounds for relief "are not recognized in clauses (1)–(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir.1986); *see also Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir.1986), *cert. denied*, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987). Because the Court finds that Plaintiff's asserted grounds are covered by subparts other than subpart (6), the Court will focus only on subparts (1) and (2).

### A. RULE 60(b)(2)

Addressing subpart (2) first, Plaintiff argues that the affidavit of Louis Sakell represents "newly discovered evidence" that the Court must now consider. Sakell's affidavit apparently substantiates Plaintiff's allegation that Defendants' decision to terminate her was based on age animus.

■ However, in order to succeed on a motion pursuant to Rule 60(b)(2), the movant must present evidence that is "truly newly discovered or ... could not have been found by due diligence." *Westerly Electronics Corp. v. Walter Kidde & Co.*, 367 F.2d 269, 270 (2d Cir.1966); *see also Ryan v. United States Lines Co.*, 303 F.2d 430, 434 (2d Cir. 1962); *Rivera v. M/T Fossarina*, 840 F.2d 152, 156 (1st Cir.1988).

In a case similar to the present one, the losing party submitted an affidavit asserting that in fact the defendant had filed a required report with the government, and thus summary judgment was inappropriately granted. The Second Circuit affirmed the

district court's denial of relief and noted that the

affidavit is silent as to why his statement was not available earlier, and [defendant's attorney's] affirmations offer only faint, and hardly credible, enlightenment.... Beane's only explanation as to why he was not able to reach Schell between the end of 1980 and April 1982 was, "[t]he telephone number that I had was a wrong number, which was never answered." Beane stated that he could not locate Schell "by any other means," but did not specify what other means, if any, were attempted.

Given the feebleness of Beane's proffer of "due diligence," and Beane's acknowledgment that he had known of the alleged September 1980 filing all along, it was well within the district court's discretion to reject the explanations and to consider the "evidence" not newly discovered.

*U.S. v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.1983).

■ Here, there is no support whatsoever for the proposition that the Sakell affidavit is "newly discovered evidence." First, Plaintiff was clearly aware of the existence of Louis Sakell and was also aware that Sakell may have heard certain defendants make statements that would be probative in the instant litigation. In fact, Plaintiff stated the substance of Sakell's knowledge in her original affidavit filed on September 16, 1996. (*See* Hall Aff. ¶ 25 (filed in opposition to Def's Motion for Summary Judgment)). Furthermore, Plaintiff does not offer any explanation for the failure to contact Sakell until October 1996, or to obtain Sakell's affidavit until November 1996. Plainly this is not the type of "due diligence" required by Rule 60(b)(2).

Consequently, the Court must find that the Sakell affidavit is not "newly discovered evidence" within the meaning of Rule 60(b) and thus Plaintiff is not entitled to reconsideration on this basis. *Accord, Potamkin Cadillac*, 697 F.2d at 493.

**B.  RULE 60(b)(1)**

■ Relief from counsel's errors "normally is sought pursuant to 60(b)(1) on the theory that such error constitutes mistake,

inadvertence, or excusable neglect." *Nemaizer*, 793 F.2d at 62. On this issue, a party must submit "highly convincing" evidence that her attorney acted improperly. See *Cirami*, 563 F.2d at 33. However, the Court notes that generally "a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions." *Nemaizer*, 793 F.2d at 62; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962).

■ Here, Plaintiff offers no support for the contention, nor does she even argue, that she should be relieved of judgment due to a mistake of counsel. Moreover, Plaintiff was plainly aware, well before summary judgment was granted, of the existence of Louis Sakell and that Sakell might offer probative evidence on the issue of age animus. Yet despite this knowledge, Plaintiff failed to contact Sakell before summary judgment was decided.

Accordingly, the Court finds that Plaintiff has failed to submit "highly convincing" evidence that her attorney acted improperly. See *Cirami*, 563 F.2d at 33. Thus, Plaintiff's claims are not so "extraordinary" as to warrant overturning a final judgment.

**III.  CONCLUSION**

The Court has balanced the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality. For the foregoing reasons, Plaintiff is not entitled to relief from the Court's December 17, 1996 decision granting summary judgment in favor of Defendants. Plaintiff's request for relief from judgment is DENIED.

**IT IS SO ORDERED.**