**Howard J. KOTLICKY,**
**Plaintiff-Appellant,**

v.

**UNITED STATES FIDELITY &**
**GUARANTY COMPANY,**
**Defendant-Appellee.**

**No. 736, Docket 86–7845.**

United States Court of Appeals,
Second Circuit.

Submitted Feb. 5, 1987.

Decided April 20, 1987.

Howard J. Kotlicky, pro se.

Albert Zakarian, Felix Springer, James J. Tancredi (Day, Berry & Howard, Hartford, Conn.), for defendant-appellee.

Before TIMBERS, PIERCE and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Appellant *pro se* Howard J. Kotlicky appeals the order of the United States District Court for the District of Connecticut (Dorsey, J.) denying his motion to vacate the judgment entered on June 12, 1986, which dismissed his complaint and awarded attorney's fees and costs to defense counsel.[1] Appellant contends that the district court abused its discretion by failing to consider new and material information justifying relief from the district court's judgment of dismissal under Fed.R. Civ.P. 37. We agree.

## BACKGROUND

In December 1985, appellant initiated this action in the Northern District of Illi-

---

1. Appellant attempts in his brief to raise an additional question on appeal not mentioned in his October 2, 1986 Notice of Appeal. Appellant argues that the district court abused its discretion by denying his motion to retransfer the action to the Northern District of Illinois. We need not address this question. Transfer orders under 28 U.S.C. § 1404(a) are interlocutory and not appealable except by certification under 28 U.S.C. § 1292(b), *see Farrell v. Wyatt,* 408 F.2d 662, 665 (2d Cir.1969), or by petition for mandamus, *see D'Ippolito v. American Oil Co.* 401 F.2d 764, 765 (2d Cir.1968). *See generally* 9 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 110.13[6] (2d ed. 1985).

nois against appellee, United States Fidelity & Guaranty Company, as corporate surety for Richard Belford and Richard Coan, respectively the former trustee and alleged successor trustee in the bankruptcy of Anthony R. Martin-Trigona. The action was transferred to the District of Connecticut pursuant to 28 U.S.C. § 1404(a) by Memorandum Opinion and Order dated February 28, 1986. This transfer decision was appealed to the Seventh Circuit but was dismissed for lack of jurisdiction. *Kotlicky v. United States Fidelity & Guaranty Co.*, No. 85–1498 (7th Cir. June 30, 1986).

On April 25, 1986, the District of Connecticut Judge to whom the action was assigned issued a scheduling order directing that all discovery be completed on or before June 23, 1986. On April 29, 1986, appellee served notice of a May 6th deposition on appellant by certified mail at appellant's home in Downers Grove, Illinois. The notice was filed with the district court on April 30, 1986, and indicated that the deposition was to take place in Hartford, Connecticut. The certified mail receipt indicates that attempts were made to serve appellant on May 5th and May 10th, and that the notice was returned to appellee as "unclaimed" on May 20th. Appellant failed to appear for the deposition as scheduled, and thus counsel for appellee orally reserved the right to seek sanctions and to move to dismiss the complaint with prejudice. On May 7, 1986, appellee moved to dismiss appellant's action pursuant to Fed. R.Civ.P. 37(b)(2)(C) for failure to appear at the deposition.

The district court granted the Rule 37 motion on the grounds that appellant had failed to comply with a duly noticed deposition, had not shown any basis for being excused from compliance with the Federal Rules, had not sought a protective order, and had not submitted any objection to the motion. The court also assessed costs against appellant in the amount of $200 for reasonable attorney's fees and $30 for transcript preparation. Judgment was entered on June 12, 1986. Appellant finally submitted opposition papers to the Rule 37 motion, which were filed on June 12, 1986, after the entry of judgment.

On July 2, 1986, appellant filed an affidavit and motion to vacate the order of dismissal, asserting that he still had not received notice of his deposition, that the district court lacked jurisdiction, and that the notice provided by appellee was unreasonable and not calculated to inform appellant of the scheduled deposition. In a supplement to this motion, filed on July 23, 1986, appellant explained that he could not have received notice on May 5, when delivery was first attempted, because he had been on duty as an airline and military pilot. Appellant provided copies of flight logs in support of this explanation, indicating that he was on duty from 7:50 a.m. on May 5 until 7:06 p.m. on May 6th, and on May 7 from 6:25 a.m. until 4:00 p.m.

On July 23, appellant also filed a motion to retransfer the action to the Northern District of Illinois. The district court denied this motion on August 21, 1986, "for the reasons stated in ... [the] opinion and order [of the Northern District of Illinois] dated February 28, 1986." On September 3, 1986, the district court likewise denied appellant's motion to vacate the order of dismissal, finding that appellant failed "to introduce any new information sufficient to warrant such a reversal." This appeal followed.

## DISCUSSION

■ Appellant in his Notice of Appeal designated his motion to vacate as one brought pursuant to Federal Rule of Civil Procedure 59. However, the motion should in fact be treated as a Rule 60(b) motion, since it was filed more than ten days after the entry of judgment.

■ Appellate review of a decision to grant or deny relief under Rule 60(b), which provides for relief from a final judgment, is restricted to determining whether the trial court abused its discretion. *See Browder v. Director, Department of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *In re Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir.1981). Relief under Rule 60(b)

is limited to one of the six grounds specified in the rule:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ... or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). In deciding a Rule 60(b) motion, a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality. *See* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2857 (1973). All Rule 60(b) motions must "be made within a reasonable time," Fed.R. Civ.P. 60(b); *see United States v. Cirami,* 563 F.2d 26, 32 (2d Cir.1977), and motions under Rule 60(b)(1), (2) and (3) must be made within one year after the judgment. Generally, courts require that the evidence in support of the motion to vacate a final judgment be "highly convincing," *id.* at 33, that a party show good cause for the failure to act sooner, *see Kontoulas v. A.H. Robins Co.,* 745 F.2d 312, 316 (4th Cir.1984) (quoting C. Wright & A. Miller, Federal Practice and Procedure, § 2857 (1973)), and that no undue hardship be imposed on other parties. *See* C. Wright & A. Miller, *supra,* at § 2857.

▆ Appellant made his motion within a year after the judgment and most certainly presented "highly convincing" documentary evidence in support of vacatur. Moreover, although appellant was late in submitting an objection to appellee's Rule 37 motion, he did respond. Admittedly, appellee will be faced with the burden of defending itself; however, the policy in favor of hearing appellant's claims on the merits is preeminent. *See Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573, 576 (4th Cir.1973) (resolve doubts in favor of granting motion to set aside the judgment).

In essence, appellant based his motion on the undisputed fact that he could not have received notice of the scheduled depositon because of his work schedule. Appellant argued that the manner of service was not reasonably calculated to provide notice, and that appellee acted in bad faith.

Rule 60(b)(1) authorizes the court to provide relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). This Court has granted relief under subsection (1) in cases similar to the instant one. *See Foley v. United States,* 645 F.2d 155, 157 (2d Cir.1981) (mistakes and logistical difficulties adjudged excusable neglect); *Peterson v. Term Taxi, Inc.,* 429 F.2d 888, 891 (2d Cir.1970) (plaintiff did not appear for trial believing trial had not been set); *Negron v. Peninsular Navigation Corp.,* 279 F.2d 859, 860 (2d Cir.1960) (judgment of dismissal pursuant to Rule 37(d) reversed under Rule 60(b)(1)). *See also Denman v. Shubow,* 413 F.2d 258, 259 (1st Cir.1969) (plaintiff provided good excuse for failing to answer assignment call); *Rooks v. American Brass Co.,* 263 F.2d 166, 168 (6th Cir. 1959) (party found not to have actual notice of service of process).

Although appellant was dilatory in conducting some phases of his litigation, his failure to appear at the deposition was not voluntary nor was it due to any gross negligence on his part. The flight logs submitted by appellant indicate that he did not receive notice of the scheduled deposition in time to appear or to inform appellee of his inability to appear. In fact, it is important to note that the notice of depositon was filed only six days before the deposition was to be held in Connecticut, and that appellant resided a significant distance away in Illinois. Based on these facts the district court's decision to impose the most drastic of remedies available under Rule 37 seems particularly harsh. Accordingly, we reverse the judgment of the district court denying appellant's Rule 60(b) motion and remand the case for further proceedings consistent with this opinion.