892 F.2d 80
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
YAMAHA INTERNATIONAL CORPORATION, d/b/a Everett Piano
Company, Plaintiff-Appellee,
v.
UNITED FURNITURE WORKERS OF AMERICA, AFL-CIO, Defendant-Appellant.
 No. 89-1259.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1989.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD F. SUHRHEINRICH,* District Judge.
 PER CURIAM:
 
 
 1
 This case arose originally when plaintiff Yamaha International Corporation (Yamaha) filed suit seeking to vacate an arbitration award of July 3, 1983, which reinstated an employee, Marie Piper, without back pay. The United Furniture Workers of America, AFL-CIO, (Union) counterclaimed requesting that the arbitration award be enforced and that Piper be restored to her position and be awarded full back pay and benefits from the date of the arbitration decision. The district court granted summary judgment for the Union on its counterclaim, ordering Yamaha to comply with the arbitration award and to pay Piper back pay from the date of the arbitration award, July 3, 1984, to the date of the judgment order, June 20, 1985.
 
 
 2
 Yamaha appealed the district court's order to this court. In its brief, the Union requested that this court enlarge the district court's judgment to include back pay for a period subsequent to the entry of the order. We affirmed the judgment without addressing the Union's request. Yamaha Int'l Corp. v. UFWA, No. 85-1595 (6th Cir. June 10, 1986) (unpublished per curiam).[1]
 
 
 3
 Yamaha reinstated Piper in July of 1986 and gave her a check for back pay from the date of the arbitration award to June 25, 1985 as ordered. Yamaha, however, did not pay Piper for any period after June 1985 until July 1986, when its facility was closed or sold.
 
 
 4
 On August 4, 1986, the Union, pursuant to Fed.R.Civ.P. 60(b)(6), filed a motion to enlarge the judgment, seeking back pay and other benefits to Piper for the period during which this action was before this court. Concluding that the mandate of this court barred any relief, the district court entered a judgment order on March 26, 1987, denying the Union's motion.
 
 
 5
 The Union subsequently appealed this judgment order. Finding that the Union's motion to enlarge would not conflict with its earlier mandate, this court remanded the case for consideration of the Union's motion on its merits. Yamaha Int'l Corp. v. UFWA, No. 87-1468 (6th Cir. Mar. 15, 1988) (unpublished per curiam). Yamaha petitioned for a rehearing en banc which we denied on April 29, 1988.
 
 
 6
 On remand, the district court denied the Union's motion to enlarge the judgment. It is from this order, dated December 28, 1988, that the Union now appeals, and this dispute is brought to us for a third time.
 
 
 7
 The Union filed its motion to enlarge the judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure which provides in pertinent part:
 
 Rule 60. Relief From Judgment or Order
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ...
 
 
 11
 (6) any other reason justifying relief from the operation of the judgment.
 
 
 12
 Fed.R.Civ.P. 60(b)(6). The express purpose of Rule 60 is to grant relief to a party from a final judgment, order, or proceeding. The rationale underlying the Rule is to ensure that judgments are based on the true merits of the case. 11 C. Wright & A. Miller, Federal Practice and Procedure at 143 & n. 22 (1973). In applying the rule, however, courts must balance the need to prevent injustice with the desire to achieve finality in litigation. Kotlicky v. U.S. Fidelity and Guar. Co., 817 F.2d 6, 9 (2d Cir.1987) (citing 11 Wright & Miller, supra, at 159.
 
 
 13
 Appellate review of a decision to deny enlargement of a judgment under Rule 60(b) is restricted to a determination of whether the trial court abused its discretion. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156 (6th Cir.1980). Such discretion is especially broad when relief is sought under Rule 60(b)(6) because relief is to be granted only when "appropriate to accomplish justice." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989); International Controls Corp. v. Vesco, 556 F.2d 665, 670 (2d Cir.1977), cert. denied, 434 U.S. 1014 (1978) (quoting Klapprott v. United States, 335 U.S. 601, 615, modified on other grounds, 336 U.S. 942 (1949)).
 
 
 14
 We adhere to the view that motions under Rule 60(b)(6) should only be granted in exceptional or extraordinary circumstances which are not addressed by the other clauses of Rule 60(b). Hopper, 867 F.2d at 294; see also Ackermann v. United States, 340 U.S. 193, 199-200 (1950). A Rule 60(b) motion is not to be granted as a substitute for an appeal or as a technique to provide relief to a party who has chosen a course of action which in retrospect appears to be unwise or unfruitful. Id.
 
 
 15
 In 1985 the district court granted the Union's motion for summary judgment enforcing the arbitration award and ordering the reinstatement of Piper. In addition, the court awarded Piper back pay from July 3, 1984 to the date of the order, June 21, 1985. Although Yamaha timely appealed that decision, it did not seek a stay of proceedings under Rule 62(d). The Union, therefore, at all times had the right or opportunity to require Yamaha to reinstate Piper, but chose, for whatever reason, not to exercise that course of action.[2]
 
 
 16
 In an attempt to explain away this failure to act, the Union argues that had it moved to enforce reinstatement while Yamaha's appeal was pending, Yamaha could have responded by obtaining a stay and posting a supersedeas bond. In making this argument, however, the Union ignores the fact that where a judgment includes both a money award and the grant or denial of an injunctive remedy, it is discretionary with the court whether to allow a stay on the injunctive remedy. Dewey v. Reynolds Metals Co., 304 F.Supp. 1116, 1118-19 (W.D.Mich.1969), rev'd on other grounds, 429 F.2d 324 (6th Cir.1970); see also 11 Wright & Miller, supra, at 325-26. Had the Union exercised its right to enforce or to amend the judgment, the court could have decided to stay the portion of the judgment requiring reinstatement, or might have taken other action to modify the award.
 
 
 17
 The Union also argues that a supersedeas bond would not have protected Piper from the injury for which she now seeks a remedy because no certain value could have been attached to the reinstatement order. We do not find this argument persuasive because the district court's discretionary powers would have allowed it to set a bond sufficient to protect Piper for lost wages in the event she ultimately prevailed on the merits following Yamaha's appeal.
 
 
 18
 Finally, the Union might have raised this issue by filing a petition for rehearing pursuant to Rule 40 of the Federal Rules of Appellate procedure within 14 days after the entry of judgment by this court on June 10, 1986. Yamaha Int'l Corp. v. UFWA, No. 85-1595. Instead, the Union sought to avoid its failure to question this court's order by filing a motion with the district court to grant relief under Rule 60(b)(6). A motion under Rule 60(b), however, may not be used to avoid the consequences of a party's decision to forego an appeal from an adverse ruling. Pierce v. United Mine Workers, 770 F.2d 449, 451-452 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986).
 
 
 19
 Because the Union demonstrates no exceptional or extraordinary circumstances necessary to accomplish its desired objective, we conclude that the district court did not abuse its discretion in denying the Union's motion to enlarge the judgment.
 
 
 20
 We therefore AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 This court stated:
 Accordingly, the district court order enforcing the arbitration award dated July 3, 1984 and awarding back pay to Marie Piper from that date to June 20, 1985, is hereby affirmed. (Emphasis added).
 
 
 [2]
 The district court pointed out that the Union appeared to have realized its oversight in its motion to enlarge the judgment when it stated that "[a]t the time of its Order, this court did not know that Yamaha would disregard the Court's Order, not return Piper to work, and instead appeal this Court's Order to the United States Court of Appeals for the Sixth Circuit."