**Marvin GONZALEZ, Plaintiff,**

v.

**ARMAC INDUSTRIES, LTD., Defendant.**

**ARMAC INDUSTRIES, LTD.,
Third–Party Plaintiff,**

v.

**GENERAL THERMOFORMING CORP.,
Third–Party Defendant.**

**No. 89 Civ. 4636 (RWS).**

United States District Court,
S.D. New York.

July 17, 1991.

Gair, Gair, Conason, Steigman & Mackauf (Anthony H. Gair, of counsel), New York City, for plaintiff.

Kroll & Tract (Robert R. MacDonnell, of counsel), New York City, for defendant.

Granik Silverman Sandberg Campbell Nowicki Resnik (David W. Silverman, of counsel), New City, N.Y., for third-party defendant.

## OPINION

SWEET, District Judge.

Plaintiff Marvin Gonzalez ("Gonzalez") has moved pursuant to Rule 60(b)(2), Fed. R.Civ.P., and Rule 3(j) of the Civil Rules of the Southern District for reargument of the court's opinion of February 13, 1991 granting in part and denying in part the summary judgment motion of the third-party defendant in the underlying action for personal injuries, General Thermoforming Corp. ("GTC"). Gonzalez has moved in the alternative for an order vacating the stipulation agreement (the "Agreement") entered into between Gonzalez and defendant/third-party plaintiff Armac Industries, Ltd. ("Armac"). For the reasons set forth below, the motion is denied.

### The Parties

Gonzalez is a citizen of Honduras. GTC, a New York corporation, was Gonzalez's employer at the time of the injury. Armac, a Massachusetts Corporation, manufactured the machine that allegedly caused Gonzalez's injuries at his work place.

### Prior Proceedings

In an opinion of February 13, 1991, 756 F.Supp. 165, (the "Opinion"), the court granted GTC's summary judgment motion with respect to Armac's contribution claim, but denied the motion with respect to Armac's indemnity claim. The proceedings prior to the motion to reargue as well as the relevant facts are set forth in the Opinion and need not be restated here.

On March 22, 1991, Gonzalez served on the other parties the instant motion for reargument. Pursuant to Rule 3(j), the court did not hear oral argument, and the motion was considered submitted as of April 19, 1991.

### Discussion

1. Gonzalez' Failure to Serve his Motion for Reargument Within the Time Allowed By Rule 3(j) Requires Dismissal

Rule 3(j) provides that a notice of motion for reargument shall be served within 10 days of the docketing of the court's determination of the original motion, in this case, February 13, 1991. Gonzalez did not serve the other parties with the notice of reargument until March 22, 1991, almost a month after the last date on which Rule 3(j) permitted service. Therefore, the motion should be denied on its face.

2. Reargument Not Required Under Rules 3(j) and 60(b)

A consideration of the motion on the merits, moreover, does not require a different conclusion. To be entitled to reargument under Rule 3(j), the moving party must demonstrate that the court overlooked controlling decisions or factual matters that were put before the court on the underlying motion. *Ashley Meadows Farm, Inc. v. Am. Horse Shows Ass'n*, 624 F.Supp. 856, 857 (S.D.N.Y.1985).

Rule 60(b)(2) provides that a party may make a motion for a court to relieve it from a final judgment or order on the basis of "newly discovered evidence which by due diligence could not have been discovered in time...." In order to succeed on such a motion, the movant must present evidence that is "truly newly discovered or could not have been found by due diligence." *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.), *cert. denied*, 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983), (citing *Westerly Electronics Corp. v. Walter Kidde & Co.*, 367 F.2d 269, 270 (2d Cir.1966)).

Moreover, in deciding a Rule 60(b) motion, a court must balance the policy of hearing a litigant's claims on the merits against the policy in favor of finality. *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987), citing 11 C. Wright & A. Miller, Federal Practice and Proce-

dure § 2857 (1973). The new evidence brought to the attention of the court must therefore be "highly convincing." *Kotlicky,* at 9.

Gonzalez does not adduce any new evidence as grounds for his motion to reargue. Rather, Gonzalez cites to several cases that were not before the court on the original motion as support for his argument here. The newly cited cases, however, do not support Gonzalez's argument that the court should have followed a case, *Lambert Houses Redevelopment Co. v. HRH Equity Corp.,* 117 A.D.2d 227, 502 N.Y.S.2d 433 (1st Dept.1986), which the Opinion distinguished as being inapplicable to the question presented in the original motion.

In deciding GTC's motion as it related to the contribution claim, the court was faced with a question that had not previously been decided by New York state courts: whether a stipulation that fixes liability at a certain percentage, as opposed to a specific dollar amount, falls within New York General Obligations Law § 15–108, which bars a tortfeasor who has settled from seeking contribution from any other party. G.O.L. § 15–108(c) (McKinney's 1990). The Agreement into which Armac had entered with Gonzalez stipulated Armac's liability at 2% of total damages.

The Opinion held that the Armac's and Gonzalez' Agreement constituted a "release" within the meaning of § 15–108 so as to bar Armac's contribution claim against GTC. The Opinion distinguished *Lambert,* a case cited by Armac in its original brief that held that § 15–108(c) did not apply to a liquidating agreement that fixed the liability of the defendant general contractor to plaintiff developer at a certain percentage, on the grounds that *Lambert* was a breach of contract action to which § 29 of the Workman's Compensation Law, which prohibits an employee from recovering directly from his employer, did not apply.

In his affidavit supporting his motion to reargue, Gonzalez cites no cases that state that § 15–108 does not apply to liquidating agreements in personal injury actions. Indeed, one of the new cases cited by Gonzalez supports the court's distinguishing *Lambert* on these grounds. *Bd. of Educ. v. Sargent, Webster, Crenshaw & Folley,* 71 N.Y.2d 21, 26, 523 N.Y.S.2d 475, 477, 517 N.E.2d 1360, 1363 (Ct.App.1987) (purely economic loss resulting from breach of contract does not fall within the meaning of New York's contribution statute) (citing New York Civil Practice Laws and Rules (CPLR) § 1401 *et seq.*).

Nor does the other new case cited by Gonzalez support the proposition that *Lambert* is controlling. In *Cty. of Westchester v. Welton Becket Assoc.,* 102 A.D.2d 34, 478 N.Y.S.2d 305 (2d Dept.1984), *aff'd,* 66 N.Y.2d 642, 495 N.Y.S.2d 364, 485 N.E.2d 1029 (1985), the court held that § 15–108 applied to a settlement agreement, despite the fact that the claims of the plaintiff were contractual. This case, however, predates the Court of Appeals' decision in *Sargent,* which, as stated above, provides authority for distinguishing *Lambert.* Moreover, *Welton Becket* falls within that category of cases cited in the opinion for the proposition that New York courts' recognition of such agreements in cases in which the defendant has impleaded a third-party defendant is limited to cases involving economic loss from defects in the construction of buildings. *See* 756 F.Supp. at 169. In sum, none of the cases cited by Gonzalez in his attempt to show *Lambert* is controlling supports the extension of § 15–108 to liquidating agreements between plaintiff and defendant in personal injury actions in which the plaintiff is prohibited from recovering directly from his employer. Therefore, the motion for reargument should be denied.

■ Gonzalez has moved in the alternative for the court to vacate the Agreement, thereby returning the parties to their prestipulation position. Vacating the agreement at this point, as the parties prepare for trial, would, however, prejudice Armac by substantially increasing its potential liability. Armac has so far proceeded in this litigation on the assumption that its liability would be fixed, and to change this assumption at this late stage would unfairly

prejudice its rights. Therefore, the motion to vacate is denied.

*Conclusion*

For the reasons set forth above, the motions for reargument and to vacate the Agreement are denied.

It is so ordered.