In re ASBESTOS LITIGATION.

**This Document Relates to:**
**McPadden, Strafford.**

Nos. 90 Civ. 3473 (RWS),
92 Civ. 3900 (RWS).

United States District Court,
S.D. New York.

May 16, 1997.

Levy, Phillips & Konigsberg (Moshe Maimon, of counsel), New York City, for Plaintiffs.

Barry, McTiernan & Moore (Suzanne M. Halbardier, of counsel), New York City, for Defendant John Crane.

## OPINION

SWEET, District Judge.

Defendant John Crane, Inc., ("Crane"), has brought this motion for an order granting reargument pursuant to Local Civil Rule 3(j), and for relief pursuant to Fed.R.Civ.P. 60(b) from an order of this Court consolidating six separate asbestos tort actions for trial. The motion is brought in relation to the two consolidated actions in which Crane is a defendant: *McPadden* and *Strafford.*

For the reasons set forth below, the motions for reargument are granted and the relief under Rule 60(b) is denied.

### Parties

Defendant Crane formerly manufactured packing products which contained asbestos.

Walter Strafford ("Strafford"), a smoker, claims exposure to asbestos from gaskets manufactured by Crane while working in a sheet metal shop in 1962. Strafford's claim arises out of his contracting lung cancer, and possibly mesothelioma, a cancer caused by exposure to asbestos.

Martin McPadden ("McPadden") claims exposure from valve packing materials manufactured by Crane, as well as other asbestos products, while working as a mechanic and steam fitter between 1957 and 1973 on several naval ships and in several power-generating stations. McPadden's claim arises out of his contracting mesothelioma.

### Prior Proceedings

This action concerns consolidated claims from the so-called "asbestos cases" that have been supervised by the Multi–District Litigation Panel for discovery and pretrial purposes.

The consolidated claims consist of five actions: *Greff,* 87 Civ. 8085; *Moore,* 88 Civ. 4214; *McPadden,* 90 Civ. 3473; *Strafford,* 92 Civ. 3900; and *Ciletti,* 92 Civ. 3901.[1]

Each of the actions was originally filed in the Southern District of New York and subsequently transferred by order of the Multi–District Litigation Panel to the Honorable Charles Weiner of the Eastern District of Pennsylvania. On April 28, 1995, the cases were transferred back to this Court for trial purposes on the basis of hardship arising out of trial delay.

On March 28, 1997, the Court issued an opinion and order of consolidation for trial, ("the Opinion"), pursuant to Fed.R.Civ.P. 42(a). *In re Asbestos Litigation,* 173 F.R.D. 81 (S.D.N.Y.1997), (hereinafter, "*Asbestos I*").

On April 24, 1997, the Court denied a motion to dismiss brought by Raymark Industries, Inc., a defendant in several of the actions, including *McPadden* and *Strafford. In re Asbestos Litigation,* 963 F.Supp. 247, (S.D.N.Y.1997), (hereinafter, "*Asbestos II*").

Crane filed the instant motion for reargument and relief from the consolidation order as regards *McPadden* and *Strafford* on April 25, 1997. On May 14, 1997 the motion was considered fully submitted.

### Facts

In its opinion consolidating the above asbestos actions, the Court applied an eight factor test which considered the following criteria: (1) common worksite; (2) similar occupation; (3) similar time of exposure; (4) type of disease; (5) whether plaintiffs were living or deceased; (6) status of discovery in each case; (7) whether all plaintiffs were represented by the same counsel; and (8) type of cancer alleged. *Asbestos I,* at 84

---

**1.** The consolidation opinion also included a sixth case, *Conway,* 93 Civ. 7177, which has since been dismissed without prejudice or cost by an April 13, 1997 order by stipulation of the parties.

(citing *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350–51 (2d Cir.1993)).

As to the first factor, the Court found that four of the plaintiffs, including McPadden, worked at various shipyards. The remaining two, including Strafford, worked at dissimilar sites. The Court concluded that the necessarily disparate jobsite evidence would not eliminate the efficiency of consolidation, and might enhance fairness, because the jury would evaluate the working conditions and degree of exposure at each site in a wider context than they would in an individual case. *Asbestos I*, at 84–85.

As to the second and third factors, the Court found that "all plaintiffs were exposed to asbestos in a similar manner—as tradespeople working with or around products containing asbestos." *Id.* at 85. The Court also found that the time of exposure among the six plaintiffs substantially overlapped. *Id.* at 85.

As to the fourth factor, the Court found that substantial similarities existed among the diseases alleged by the various plaintiffs. Five of the plaintiffs, including McPadden and Strafford, claimed to suffer from mesothelioma. Two of the plaintiffs, including Strafford, claimed to suffer from lung cancer allegedly caused by exposure to asbestos. *Id.* at 85.

The fifth, sixth and seventh factors were also satisfied. All plaintiffs are deceased. *Id.* at 85. Depositions had been taken in half of the actions. *Id.* at 85. All the plaintiffs shared counsel. *Id.* at 85–86.

Finally, the eighth factor, similar type of cancer, was also satisfied. Only two types of cancer were alleged: mesothelioma and lung cancer. While lung cancer has not been definitively linked with asbestos exposure, the Court found that "there has been no showing that any potential prejudice could not be avoided with careful instructions to the jury regarding etiology of these two diseases." *Id.* at 86.

## Discussion

### A. *Legal Standards for Reargument*

■ Local Rule 3(j) provides in pertinent part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, to be entitled to reargument, Crane must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion. *See Ameritrust Co. Nat'l Ass'n v. Dew*, 151 F.R.D. 237, 238 (S.D.N.Y. 1993); *Fulani v. Brady*, 149 F.R.D. 501, 503 (S.D.N.Y.1993) *aff'd sub nom. Fulani v. Bentsen*, 35 F.3d 49 (2d Cir.1994); *East Coast Novelty Co. v. City of New York*, 141 F.R.D. 245, 245 (S.D.N.Y.1992); *B.N.E. Swedbank, S.A. v. Banker*, 791 F.Supp. 1002, 1008 (S.D.N.Y.1992); *Novak v. National Broadcasting Co.*, 760 F.Supp. 47, 48 (S.D.N.Y.1991); *Ashley Meadows Farm, Inc. v. American Horse Shows Ass'n*, 624 F.Supp. 856, 857 (S.D.N.Y.1985).

■ Local Rule 3(j) is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. *Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985). In deciding a Local Rule 3(j) motion, the court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment. *See Morser v. AT & T Info. Systems*, 715 F.Supp. 516, 517 (S.D.N.Y. 1989); *Korwek v. Hunt*, 649 F.Supp. 1547, 1548 (S.D.N.Y.1986), *aff'd*, 827 F.2d 874 (2d Cir.1987). Therefore, a party in its motion for reargument "may not advance new facts, issues or arguments not previously presented to the court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 1989 WL 162315, at *3 (S.D.N.Y. August 4, 1989).

### B. *Standard for Relief from Judgment*

Rule 60(b) establishes six grounds on which a court in its discretion may relieve a party from final judgment or an order. In general, when determining a motion pursuant to Rule 60(b), the court must "strike a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Id.*;

accord *United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir.1994) (Rule 60(b) relief available only in "extraordinary circumstances") (citing cases.) Determination of a Rule 60(b) motion is addressed to the sound discretion of the district court. *Nemaizer*, 793 F.2d at 61.

Crane does not specify which grounds of Rule 60(b) apply to its motion. Because Crane asserts that the Court overlooked facts and that new evidence has arisen, the following portions of the rule appear to be potentially applicable:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) ... or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).[2]

■ Rule 60(b)(2) permits relief from judgment or order on the basis of newly discovered evidence. In order to succeed on such a motion, the movant must present evidence that is "truly newly discovered or could not have been found by due diligence." *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.1983); *Gonzalez v. Armac Industries, Ltd.*, 768 F.Supp. 107, 108 (S.D.N.Y.1991). Given the concern with a balance between the value of hearing a litigant's claims on the merits and the policy favoring finality, the new evidence brought to the attention of the court must be "highly convincing." *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987) (citing 11 Wright & Miller, *Federal Practice and Procedure* § 2857 (1st ed. 1973)); *Gonzalez*, 768 F.Supp. at 108–09.

■ Rule 60(b)(6) sets forth a catchall provision granting relief for "any other rea-

son." The provision is not available if the reason put forward could be brought under the other five subsections of the Rule. *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir.1994); *Fustok v. Conticommodity Services, Inc.*, 122 F.R.D. 151, 157 (S.D.N.Y.1988) *aff'd* 873 F.2d 38 (1989). As in the other subdivisions, relief under Rule 60(b)(6) is available only in "extraordinary circumstances." *Transaero*, 24 F.3d at 461 (citing *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950)). However, the standard for this subdivision appears to be somewhat higher, requiring "extreme and undue hardship." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (citing cases); *Fustok*, 122 F.R.D. at 158–59 (citing cases).

### C. *Crane's Assertion that the Court Overlooked Facts Does Not Support Reargument Under Rule 3(j) Nor Relief from Judgment Under Rule 60(b)*

Crane asserts that reargument is warranted because the Court overlooked several facts in reaching its decision to consolidate the actions in *McPadden* and *Strafford*.

■ First, and most fundamentally, Crane claims that the Court entirely overlooked Crane's opposition to the consolidation as presented in its papers and at oral argument. Crane bases this claim on the fact that the opinion failed to note Crane's appearance and refers to "only" Raymark and Owens Corning opposing the motion to consolidation. *Asbestos I*, at 83. Further, because the Opinion stated that "Owens Corning and the plaintiffs have agreed that the *McPadden* and *Strafford* cases may be consolidated," *id.* at 86, Crane claims that the Court may have approved consolidation of these two cases in the mistaken belief that counsel agreed to the consolidation.[3]

---

**2.** Rule 60(b)(1), which permits relief for "mistake, inadvertence, surprise or excusable neglect" is inapplicable. Crane asserts overlooked facts in support of its motion. When applied to mistakes by the court, Rule 60(b)(1) generally allows for relief where the error involves the application of law. *See International Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54

L.Ed.2d 758 (1978); *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 839–40 (11th Cir.1982); 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2858 at 293–98 (2d ed. 1995).

**3.** Crane notes that Owens Corning is not a defendant in *McPadden* and *Strafford*, and that, when asked by the Court which cases might be appro-

Consent or opposition from defense counsel does not constitute a ground upon which the consolidation opinion was based. The bulk of the Court's consolidation analysis concerned the eight factors set forth by the Second Circuit to guide consolidation decisions. While the Court may have noted that certain parties agreed to consolidation, its determination was based on the "substantial similarities and overlap among these cases in the factors set forth above." *Id.* at 86.

Second, Crane asserts that the Court failed to consider that McPadden and Strafford claimed asbestos exposure from different types of Crane products. McPadden claimed exposure from use of Crane's valve packing while working on board a vessel in the U.S. Navy and at a powerhouse between 1957 and 1973. Strafford claimed asbestos exposure from use of Crane's gaskets while refurbishing valves in a supply shop during 1962.

Crane urges that this distinction is crucial because the asbestos fiber release test for valve packing is different from the fiber release test for gaskets. At bottom, Crane is concerned that proof concerning each plaintiff's use of Crane products will be muddied, and the jury will be unable to consider each case separately.

The Court considered the ability of the jury to distinguish each plaintiff's manner of exposure when it analyzed the common worksite factor in the consolidation test. The Opinion noted that while McPadden's workplace, a shipyard, was similar to that of two of the other plaintiffs, Strafford alone worked at a sheet metal shop. Yet this variety in workplace between Strafford and the other plaintiffs was not held to negate consolidation:

> [N]or does [individualized work-site evidence] establish that a properly instructed jury would be unable to evaluate the working conditions and degree of exposure at the job sites of different plaintiffs less fairly ... Consolidation may even lead to a fairer result if it enables a jury to compare one worksite to another.

*Asbestos I,* at 84–85. The Court again considered the possibility of jury confusion when it analyzed the different types of cancers alleged. The Court noted that two types of cancer would be presented at trial, lung cancer and mesothelioma, but that "careful instructions to the jury regarding the different etiology of these two diseases" would avoid any potential prejudice. *Id.* at 86.

In analyzing commonality of occupation, the Court may have overlooked Crane's argument that the different types of products used by McPadden and Strafford would necessitate the use of different fiber release tests to measure exposure. The Court stated that the testimony regarding airborne fibers would probably not change from case to case, and consolidation would therefore "eliminate duplicative general evidence concerning exposure to certain asbestos products." *Id.* at 85. However, given the large number of commonalities found among McPadden and Strafford and the other four plaintiffs, there is no indication that the need to present individualized evidence regarding fiber release tests would negate consolidation.

Moreover, upon reargument, the contention is unavailing, given the "extraordinary circumstances" standard imposed by Rule 60(b). In asserting that the Court overlooked its argument regarding fiber release tests, Crane must proceed under Rule 60(b)(6), which provides relief from judgment only where extreme and undue hardship would otherwise result. *Matarese,* 801 F.2d at 106; *Fustok,* 122 F.R.D. at 158–59. Such a showing has not been made here.

Finally, Crane maintains the Court overlooked its argument that Strafford's claim should be tried in state court rather than here. Crane contends that state court trial would be more efficient and fair because Strafford's claim is already included in a state court trial cluster for 1998, and because the state court action includes all of the gasket companies who may be potentially liable. In essence, Crane is making an abstention argument on *Colorado River* grounds. *Colorado River Water Conserva-*

priate for consolidation, counsel for Owens Corn-

ing mentioned only *Ciletti* and *Greff.*

*tion District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483, *reh'g denied,* 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976). Upon reargument on this issue, Crane failed to prevail. Given the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *id.* at 817, 96 S.Ct. at 1246, and the imminence of trial in federal court, the argument would fail. *See Asbestos II,* 963 F.Supp. at 252–53 (rejecting defendant Raymark's argument that parallel state court proceedings in *Strafford* required abstention by this Court on *Colorado River* grounds because it included a more complete array of defendants.)

### D. *Crane's New Evidence Does Not Support Reargument Under Rule 3(j) Nor Relief from Judgment Under Rule 60(b)*

Crane asserts that new evidence regarding the difference in diseases suffered by the two plaintiffs supports relief from the Court's consolidation order. The evidence regards Strafford, who was originally described as suffering from mesothelioma and lung cancer. In a deposition on May 13, 1997, plaintiffs' expert witness testified that Strafford's disease was probably an adenocarcinoma, a form of lung cancer, and not mesothelioma.

■ New evidence by its nature fails to satisfy the standard for reargument set forth in Rule 3(j), which forbids a party in its motion for reargument to "advance new facts, issues or arguments not previously presented to the court." *Litton,* 1989 WL 162315, at *3.

■ Nor does the newly adduced evidence satisfy the requirements of Rule 60(b)(2). The expert's testimony does not present the "extraordinary circumstances" required for relief. The parties have long known that Strafford's diagnosis would include lung cancer. *In re New York Asbestos Litigation,* 149 F.R.D. 490, 499 (S.D.N.Y.1993), *aff'd sub nom., Consorti v. Armstrong,* 72 F.3d 1003 (2d Cir.1995) (in consolidation opinion regarding an earlier cluster of plaintiffs which included Strafford, Crane alleged that expert testified that Strafford's disease may be lung cancer.) Another of the plaintiffs in this consolidated action also suffers solely from lung cancer. Therefore, the negation of Strafford's mesothelioma diagnosis, if accurate, would not render his claim inappropriate for consolidation. The new evidence adduced by Crane fails to meet Rule 60(b)(2)'s requirement that it be "highly convincing." *Kotlicky,* 817 F.2d at 9; *Gonzalez,* 768 F.Supp. at 108–09.

### Conclusion

For the reasons set forth above, Crane's motion to reargue is granted and upon reargument, relief from judgment is denied.

It is so ordered.