**UNITED STATES of America,**

v.

**Rafael MERCEDES, Defendant.**

**No. 90 CR. 450(RWS).**

United States District Court, S.D. New York.

May 14, 1998.

Honorable Mary Jo White, United States Attorney for Southern District of New York, New York City (Steven P. Heineman, Assistant U.S. Attorney, of Counsel), for United States of America.

David Van Muraskin, New York City, for Defendant.

## OPINION

SWEET, Senior District Judge.

The United States of America (the "Government") moves, pursuant to Rule 60(b)(6), Fed.R.Civ.P., to vacate the Opinion and Order (the "Opinion") entered by the Court on August 9, 1997, granting Rafael Mercedes' ("Mercedes") motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. For the reasons set forth below, the Government's motion is denied.

### Facts and Prior Proceedings

The facts and prior proceedings in this case have been set forth in the prior opinions of this Court, familiarity with which is assumed. See United States v. Mercedes, No. 90 Cr. 450, 1997 WL 458740 (S.D.N.Y. Aug. 12, 1997) (hereinafter Mercedes II); United States v. Mercedes, No. 90 Cr. 450, 1997 WL 122785 (S.D.N.Y. Mar. 17, 1997) (hereinafter Mercedes I). The additional factual materials submitted by the Government and the facts relevant to decision of the instant motion are summarized below.

Mercedes pleaded guilty to a Class A felony in New York State court and was sentenced to a term of 42 months to life imprisonment. He was committed to state prison in January 1990.

Mercedes later pleaded guilty on June 3, 1991, in this district to four counts of indictment. On February 6, 1992, this Court sentenced Mercedes to 30 months imprisonment to be served after completion of his New York State prison sentence, plus three years of supervised release and a $3,000 fine. Mercedes was in federal custody from November 28, 1990, to February 13, 1992, and thereby served approximately one-half of his federal sentence.

After his federal sentence was imposed, Mercedes was returned to Bare Hill Correctional Facility to finish serving his state sentence. On April 13, 1993, Mercedes was released from the New York State's Washington Correctional Facility on life parole without being turned over to federal authorities. Mercedes has been continuously reporting to his state parole officer and complying with all the conditions of his parole.

By Opinion and Order dated March 14, 1997, Mercedes' motion pursuant to 28 U.S.C. § 2255 to vacate his federal sentence was granted on the ground that, under the facts as then presented, the Government's failure to incarcerate Mercedes for three years after his conditional release from state prison constituted a waiver of jurisdiction such that requiring Mercedes to serve his federal sentence now would violate Due Process. Leave was granted to the Government to submit further factual materials and legal authorities.

By letter dated May 23, 1997, the Government submitted the additional facts purporting to establish that the Government (1) had no actual knowledge that Mercedes was released from state prison until August 1996; (2) learned about Mercedes' release pursuant to a routine file check whereby it was discovered that Mercedes had not paid the $3,000 fine imposed as part of his federal sentence; and (3) upon learning of Mercedes' release, acted promptly in obtaining an arrest warrant in September 1996. After consideration

of these additional factual submissions, on August 9, 1997, the Court issued the Opinion reaffirming its decision to grant Mercedes' motion to vacate the federal sentence pursuant to 28 U.S.C. § 2255.

On September 8, 1997, the Government filed a notice of appeal from the Opinion. On October 9, 1997, the Government and Mercedes stipulated to the withdrawal of the Government's appeal, without prejudice, because the Government had decided to seek reconsideration in the District Court. The Second Circuit approved the withdrawal of the appeal on October 27, 1997.

On February 23, 1998, the Government filed the instant motion, pursuant to Rule 60(b)(6), Fed.R.Civ.P., together with additional factual submissions. The Government, by affidavit, introduced evidence that a detainer against Mercedes was prepared by the Marshal's Service at the time that Mercedes was being removed from this District to Bare Hill Correctional Facility (the "Detainer"), and was recorded in the computer database. The Government further submits that the Marshal Service has not been able to locate in its files the Detainer's original pink form that is normally filed with the state facility.

The Government also submitted evidence that the Marshal's Service generally conducted a review of the records of state prisoners sentenced to consecutive federal terms annually, although this was not true in every case. Moreover, the Government states that the Mercedes file was misfiled, and so even if an annual review were conducted, Mercedes' release would not have been detected.

Finally, the Government obtained authorization from the Court to unseal Mercedes' sentencing transcript, which demonstrates that the issue of whether the sentence would run concurrently or consecutively was discussed in open court and that the Court stated that the sentences would not run concurrently.

Mercedes' counsel informed the Court that they would not submit any additional opposing memoranda. Oral argument was heard on March 18, 1998, and in response to issues raised at the oral argument the Government submitted a letter brief on April 15, 1998, at which time the Court deemed the motion fully submitted.

**Discussion**

### I. *This Motion Is Properly Brought Pursuant To Rule 60(b)(2) Rather Than Rule 60(b)(6)*

Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

■ The Government brought the instant motion pursuant to Rule 60(b)(6), which is the Rule's catch-all provision. However, the gravamen of the Government's argument is that newly discovered evidence undermines the Court's assumptions in deciding to vacate Mercedes' sentence. It is well established that "relief under clause (6) is available only when the movant acts in a timely fashion and asserts a ground justifying relief that is not a ground encompassed within any of the first five clauses." *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.1977). Since the Government's grounds for relief are encompassed by the more specific "new evidence" clause of the Rule, the motion is properly considered as one under Rule 60(b)(2), rather than Rule 60(b)(6).

### II. *The Government's Motion Must Be Denied Because They Fail To Establish That The Evidence Could Not Have Been Discovered By Due Diligence*

■ Rule 60(b)(2) provides that a party may make a motion for a court to relieve it from a final judgment or order on the basis of "newly discovered evidence which by due diligence could not have been discovered in

time ..." In order to succeed on such a motion, the movant must present evidence that is "truly newly discovered or could not have been found by due diligence." *United States v. Potamkin Cadillac Corp.,* 697 F.2d 491, 493 (2d Cir.1983) (citing *Westerly Electronics Corp. v. Walter Kidde & Co.,* 367 F.2d 269, 270 (2d Cir.1966)). Moreover, in deciding a Rule 60(b) motion, a court must balance the policy of hearing a litigant's claims on the merits against the policy in favor of finality. *Kotlicky v. U.S. Fidelity & Guar. Co.,* 817 F.2d 6, 9 (2d Cir.1987). The new evidence brought to the attention of the court must therefore be "highly convincing." *Id.* at 9.

■ Contrary to the Government's contention that the Government could not anticipate some of the key factual assumptions underlying the Court's opinion in *Mercedes II,* the Court's opinion in *Mercedes I* put the Government on notice of all of the facts upon which the "waiver" theory for granting Mercedes' motion was based. The Court stated that "[i]f there is no evidence that the Government knew *or should have known* of Mercedes' erroneous release from state prison, there is no basis for granting relief." *Mercedes I* at *3 (emphasis added). The Court's opinion did not, as the Government contends, merely signal its interest in whether the Government *actually* knew of Mercedes' release, but also in whether the Government *should have* known. Although the Government contends that the newly discovered evidence provides a strong inference that the Government did file the Detainer and that the Marshal's Service may have missed the error due to misfiling Mercedes' file rather than gross negligence in the frequency of review, such issues go to the question of whether there was a "gross lack of diligence," *id.* at *5, which was a central factual issue upon which the Court based its decision. It should not have been "unexpected," as the Government contends, that the lack of such evidence introduced by the Government after the Court granted leave to the Government "to submit further factual materials," *id.* at *6, might undermine their position.

The same is true for the newly submitted evidence that the issue of whether the sentence would run concurrently or consecutively was openly discussed at Mercedes' sentencing hearing. In *Mercedes I,* the Court stated that "[i]f there were evidence that Mercedes knew his release was erroneous or that he had an affirmative obligation to surrender himself, there would be no due process violation." *Id.* at *5.

The Government provides no reason why, having been put on notice of the factual basis for the Court's August decision five months earlier by the *Mercedes I* opinion, the evidence introduced in this Rule 60(b) motion related to the Government's due diligence and Mercedes' awareness that time remained on his federal sentence when he was released from state prison could not have been discovered at the time Mercedes' motion was decided. The Government does not contend that the "new" evidence—the individuals interviewed and court documents unsealed—were unavailable for any reason other than, in essence, the investigation was not sufficiently complete or thorough. Indeed, for example, the Government concedes that it was informed in September 1996 that the original pink Detainer form was missing, but that the Government "did not at that time appreciate the potential significance of that remark."

In light of the time already permitted the Government to develop additional relevant facts, and their failure to do so without any cognizable justification, it would be contrary to Rule 60(b)(2) precedent and unfair to Mercedes to permit the Government a third bite of the apple. Accordingly, the new evidence introduced by the Government in the instant motion is untimely submitted, and the Government's motion for relief from the Court's decision to vacate Mercedes' sentence pursuant to 28 U.S.C. § 2255 is denied.

### Conclusion

For the reasons set forth above, the Government's motion is denied.

It is so ordered.