**Joseph BERRY, Plaintiff,**

v.

**Bernard B. KERIK, et al, Defendants.**

**No. 00 CIV.2834.**

United States District Court,
S.D. New York.

Nov. 27, 2002.

Joseph Berry, Attica, NY, Pro se.

Michael D. Hess, Esq., Daniel R. Ryan, Esq., Corporation Counsel of the City of NY, New York City, for Defendants.

*ORDER*

BERMAN, District Judge.

## I. Background

On July 17, 2002, this Court adopted the report and recommendation of United States Magistrate Judge James C. Francis, IV, dated June 11, 2002, and granted the "City Defendants'" and the "St. Barnabas Defendants'" (collectively, "Defendants") motions to dismiss *Berry v. Kerik, et al,* No. 00 Civ. 2834 and *Berry v. Kerik, et al,* No. 00 Civ. 3726 with prejudice due to *pro se* Plaintiff Joseph Berry's ("Plaintiff") failure to exhaust his administrative remedies, and denied Plaintiff's motions for leave to amend his complaints in both actions. *See* Order, dated July 17, 2002 ("July 17, 2002 Order"), at 4.

On August 27, 2002, this Court denied the objections ("Plaintiff's Objections") filed by Plaintiff to a Memo–Endorsed Order, dated July 23, 2002, of Magistrate Francis denying Plaintiff's application, dated July 17, 2002, for permission to amend his Third Amended Complaints in both actions. *See* Order, dated August 27, 2002 ("August 27, 2002 Order"), at 1–2. "No circumstances are present here to warrant amendment of the complaints. Plaintiff merely (re)argues points he has already raised and which were rejected both in the Report and this Court's Order, dated July 17, 2002." *Id.* at 2.

On or about September 30, 2002, Plaintiff filed a motion with this Court's *pro se* office ("Plaintiff's Motion") pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ.P.") 56 and 60 seeking "reconsideration reversing the Order/Judgment and reinstating the case so plaintiff may proceed with discovery."[1] Plaintiff's Motion, dated

---

1. Plaintiff has submitted, among other things: (1) a document entitled "Plaintiff's Reply to City of New York and St. Barnabus Hospital defendants Opposition Papers"; (2) a June 24, 2002 Freedom of Information Act ("F.O.I.A.") request for copies of all complaints filed by Plaintiff with the Inspector General, all "Investigation Reports" for the aforementioned complaints, or a written statement listing all pertinent information concerning Plaintiff's complaints; and (3) an August 6, 2002 F.O.I.A. appeal. Plaintiff's Motion, Ex. A

September 24, 2002, at 1. On or about October 21, 2002, the Court received from Plaintiff a document entitled "Plaintiffs documents in support of 'Motion for Reconsideration,' dated: September 24, 2002" ("Plaintiff's Documents"), which included copies of four complaints filed by Plaintiff with the Office of the Inspector General for the New York City Department of Correction relating to Plaintiff's grievances while incarcerated at Riker's Island Correctional Facility.[2] Plaintiff's Documents, dated October 17, 2002, at A–2–6.

On October 31, 2002, the Defendants filed a response ("Defendants' Response") to Plaintiff's Motion, stating that "[a]lthough plaintiff has provided documentation that he may have left telephone messages or sent written complaints to the Inspector General's Office, there is no evidence provided by the plaintiff that the Inspector General's Office actually undertook any investigation regarding his complaints." Defendants' Response at 1–2. "Moreover, [the fact] that Plaintiff filed complaints with the Inspector General's Office [does] not satisfy the exhaustion requirement or otherwise excuse his failure to adhere to the multi-tiered grievance program that was available to him." *Id.* at 2. Plaintiff filed a reply to Defendants' Response, dated November 21, 2002.

## II. Standard of Review

In deciding whether to grant a Fed. R.Civ.P. 60(b) motion, the Court must strike "a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986).[3] "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Id.* While a *pro se* litigant "should not be impaired by harsh application of technical rules," *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983), he is not excused from producing "highly convincing" evidence in support of his motion to vacate a final judgment. *Gwynn v. Deleo,* 1991 WL 125185, at *4 (S.D.N.Y. July 3, 1991) (quoting *Kotlicky v. U.S. Fidelity & Guaranty Co.,* 817 F.2d 6, 9 (2d Cir.1987)).

## III. Analysis

While not entirely clear, Plaintiff's Motion appears to be premised on "newly discovered" or additional evidence. Fed. R.Civ.P. 60(b)(2). Plaintiff asserts, among other things, that the documents now presented "indicate that the City's Grievance Policy does permit 'Telephone and Mail Complaints' directed to the Inspector General's Office[,] . . . that the Plaintiff's complaints were under investigation by the Inspector General thus making them 'non-grievable issues' and the [f]act that [f]urther 'Discovery' on Plaintiff's claims would

---

**2.** Plaintiff's grievances included: (i) the alleged denial of adequate dental and medical care; (ii) the alleged denial of shaving razors; (iii) an alleged inability to access the prison commissary; and (iv) an alleged lack of heat in the housing area. Plaintiff's Documents at A–2–6.

**3.** Fed.R.Civ.P. 60(b) states, in part, that "on motion and upon such terms as are just, the court may relieve a party . . . from a final judgment" for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

not have been [f]ruitless [sic]." Plaintiff's Documents at 2.

Plaintiff's Motion provides no basis for reconsideration or relief from the judgment herein, since he has failed to demonstrate exhaustion under the Prison Litigation Reform Act of 1995 ("P.L.R.A."), as amended, 42 U.S.C. § 1997e(a).[4] *See Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). "Any complaint [Plaintiff] may have made directly to the Inspector General's office does not serve to excuse [him] from adhering to the available administrative procedures. To allow [P]laintiff to bypass those procedures would obviate the purpose for which the procedures were enacted." *Grey v. Sparhawk,* 2000 WL 815916, at * 2 (S.D.N.Y. June 23, 2000). *See also McNair v. Sgt. Jones,* 2002 WL 31082948, at *8 (S.D.N.Y. Sept.18, 2002).

In addition, Plaintiff has presented no evidence that his complaints were non-grievable because they were under investigation. *See* Order, dated July 17, 2002 at 5. Indeed, Plaintiff's Documents include a letter, dated October 7, 2002, from the City of New York Department of Investigation (enclosing copies of Plaintiff's complaints) which states, in part, that the "Department is not in possession of 'investigative reports' associated with [Plaintiff's] complaints." Plaintiff's Documents at A–1.

## IV. Conclusion

For the reasons stated herein and in the Court's July 17, 2002 and August 27, 2002

Orders, Plaintiff's motion for reconsideration [130] is denied.

---

**4.** 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."