09-3832-cv
*Sartin v. GT Payroll Systems*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of December, two thousand and ten.

PRESENT: WILFRED FEINBERG,
         BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

---

WALTER SARTIN,

                  *Plaintiff-Appellant,*

         -v.-                              09-3832-cv

GT PAYROLL SYSTEMS, DIVERSITY SERVICES/DIVERSITY STAFFING,
STACEY STROTHER, INDIVIDUALLY,

                  *Defendants-Appellees.*[*]

---

FOR APPELLANT:    AMBROSE WOTORSON, Law Office of Ambrose
                  Wotorson, Brooklyn, NY.

FOR APPELLEES:    GAIL I. AUSTER, Law Offices of Gail I.
                  Auster & Associates, PC, Scarsdale, NY.

---

[*] The Clerk of the Court is directed to amend the official caption in accordance with this order.

Appeal from the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the verdict, ruling and order of the district court be **AFFIRMED.**

Appellant appeals from a jury verdict in favor of defendants, the court's denial of Appellant's application to amend his witness list on the eve of trial, and the court's post-verdict denial of his motion for a new trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

One day before trial Appellant sought to amend his witness list to include Donna Chatman ("Chatman"), his alleged harasser. The court denied this application. Appellant argues that this refusal worked a manifest injustice against him. Appellant also objects to the district court's uncalled-witness charge that allowed the jury to draw inferences for or against either party as a result of Chatman's failure to testify.

"A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (citations

2

omitted).  "Appellate review of a decision to grant or deny relief . . . is restricted to determining whether the trial court abused its discretion."  *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 8 (2d Cir. 1987) (citations omitted).

On the facts of this case the district court did not abuse its discretion, either in denying Appellant's request to amend his witness list, or in denying Appellant's subsequent motion for a new trial.

"A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law."  *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004) (quoting *United States v. Walsh*, 194 F.3d 37, 52 (2d Cir. 1999)).  Here, the district court neither misled nor misinformed the jury by instructing that it was free to draw favorable or unfavorable inferences for or against either party from Chatman's absence from the stand.  The jury instruction was not erroneous.

For the foregoing reasons, the verdict, ruling and order of the district court are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



3